IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOHN DILLARD, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:87-cv-1281-MHT |
| TOWN OF PROVIDENCE | ) |
| Defendant. | ) |

**JOINT MOTION TO SHOW CAUSE**

Pursuant to this Court's Order of December 8, 2006, (No. 693) in *Dillard v. Crenshaw County,* The State of Alabama, by and through the undersigned liaison counsel, and the Dillard Plaintiffs, by and through one of their attorneys, jointly move this Court to direct the Town of Providence, the defendant in this action, to show cause why this case should not be dismissed. In support of this Joint Motion, the parties state:

1. In the Interim Order Allowing Election entered on June 17, 1988, that has applied to this day, this Court directed, among other things, that the August 1988 elections for the Providence Town Council proceed consistently with the settlement agreed to by the parties but not yet approved by the court. That settlement, as set forth in Notices to the Class, advised the plaintiff class that the Providence Town Council would consist of 5 members elected at-large, without designated or numbered places and without a majority vote requirement, with the 5 candidates receiving the most votes being elected and each voter casting one vote for the one candidate of his or her choice.

2. In Act No. 2006-252, the Alabama Legislature provided a state-law basis for the remedial order entered in this case. The Legislature further provided that the size

of the Town Council its method of election, or both, can be changed by general or local law in the future. Act No. 2006-252 was precleared on July 19, 2006, and is therefore effective and enforceable.

    3.    In the past, federal court orders, some entered by consent and some entered without the consent of the defendants, changing the size of the local governing body, its method of election, or both, have been challenged on the ground that they may have exceeded the court's remedial powers, conflicted with state law or both. With respect to the Town of Providence, Act No. 2006-252 moots any such contention.

    4.    The dismissal of this case will leave the limited voting scheme in place.

    5.    Pursuant to this Court's Order, in conjunction with the filing of this Motion, a version of Exhibits A and B in Word or WordPerfect format will be e-mailed to the court.

    WHEREFORE, the State and the Plaintiffs jointly request that this Court:

    A.    Enter an Order in the form of Exhibit A requiring the Town of Providence to show cause why this Court should not declare that Act No. 2006-252 provides state legislative authority for the method of election and number of seats prescribed by the consent decree in this action, why the consent decree should not be dissolved, and why this action should not be dismissed; and

    B.    Unless, within 60 days from the issuance of said order, good cause otherwise is shown, enter a final judgment in the form of Exhibit B:

    (1)    declaring that Act No. 2006-252 provides state legislative authority for the method of election and number of seats prescribed by the consent decree in this action,

(2) dissolving the consent decree in this action,

(3) dismissing this action.

Respectfully submitted this the 14th day of August, 2007.

> **TROY KING (KIN047)**
> **ATTORNEY GENERAL**
> **BY:**
>
> **s/ John J. Park, Jr.**
> John J. Park, Jr. Bar Number: (PAR041)
> Special Deputy Attorney General
> Office of the Attorney General
> 11 S. Union Street
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 353-8440
> E-mail:  jpark@ago.state.al.us

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

Town of Providence
Town Hall
Providence, AL 36742

James U. Blacksher, Esq.
jblacksher@ns.sympatico.ca

Thomas H. Boggs, Jr., Esq.
Lloyd & Dinning
Post Office Drawer 740
Demopolis, AL 36732

Edward Still, Esq.
docket@votelaw.com;
votelaw@bellsouth.net

> **s/ John J. Park, Jr.**
> John J. Park, Jr. Bar Number:  (PAR041)
> Assistant Attorney General
> Office of the Attorney General
> 11 S. Union Street
> Montgomery, AL  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 353-8440
> E-mail:  jpark@ago.state.al.us

3